IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SAMUEL J. KENNEMER, JR. § <br> PLAINTIFF § <br> § <br> VS § <br> § <br> TEXAS HEALTH RSOURCES, D/B/A § <br> PRESBYTERIAN HOSPITAL OF PLANO § <br> DEFENDANT § | CIVIL ACTION NO._____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE EASTERN DISTRICT OF TEXAS:

NOW COMES, the Plaintiff, **SAMUEL J. KENNEMER, JR.,** and files this First Amended Original Complaint against the following Defendant, **TEXAS HEALTH RESOURCES, D/B/A, PRESBYTERIAN HOSPITAL OF PLANO** and alleges ongoing and continuing willful acts of retaliation for Age Discrimination and would respectfully show the Court the following:

### JURISDICTION AND VENUE

1. **Plaintiff**: SAMUEL J. KENNEMER, JR., resides in Grayson County, Texas, part of the Eastern District of Texas. All discriminatory and wrongful actions wrought against the Plaintiff occurred in Collin County, Texas, part of the Eastern District of Texas where the Defendant's facility, Presbyterian Hospital of Plano is operated and maintained.

2. **Defendant:** The Defendant, **TEXAS HEALTH RESOURCES** (hereinafter referred to as "**THR**") is a Texas non-profit corporation, which may served with Summons and Complaint filed in this suit pursuant to the Texas Non-Profit Corporation Act, Texas to allow

the doctor Revised Civil Statutes Article 1396-2.07A, by serving its registered agent, Donald B. Collins, at 612 E. Lamar Blvd, Suite 1400, Arlington, Texas 76011.

3. **TEXAS HEALTH RESOURCES**, the Defendant herein as relating to Title VII, the Age Discrimination in Employment Act (ADEA), and the Texas Commission on Human Rights Act, as amended, Labor Code, Title 2 Sections 21 through 22, et seq., is an employers of over 15 employees and is within the jurisdiction of this Court. **TEXAS HEALTH RESOURCES** owns, operates, and does business **as** Presbyterian Hospital of Plano, located at 6200 West Parker Road, Plano, Collin County Texas 75093, where Plaintiff was employed as an operative room Registered Nurse, and is the location where the age discrimination and termination of employment took place.

4. The Plaintiff filed a charge complaining of discrimination by a dual filing with the U.S. Equal Employment Opportunity Commission (EEOC) and the Texas Commission on Human Rights (TCHR) against the Defendant, **THR**, on or about September 30, 2016, based on his age, 66, having been born on February 16, 1950., a copy of which EEOC Charge, is attached hereto as Exhibit "A". Plaintiff was placed on administrative leave on August 24, 2016 and thereafter terminated from his employment a few days later on September 1, 2016, as described herein. The Plaintiff made his dual filing with the EEOC and TCHR, well within 180 days of the incident under Texas law and within 300 days of the incident under Federal law.

5. Plaintiff was issued a Notice of Right to Sue in regard to his Charge of Discrimination from the U.S. Equal Employment Opportunity Commission on October 18, 2016, which Notice of Right to Sue Letter is attached hereto as Exhibit "B". Plaintiff has timely filed this lawsuit within ninety (90) days from his actual receipt of the notice in compliance with

statutory guidelines. All procedural requirements required by state law to bring this action within the jurisdiction of this Court have been met.

6. Venue is proper in this district the Defendant, THR is authorized to and does business in Texas, in Collin, Texas; and does business as Presbyterian Hospital of Plano and further, all of the adverse actions complained of by the Plaintiff occurred in Collin County, Texas.

7. At all relevant times herein, when the Plaintiff refers to Defendant **THR**, the Plaintiff is also referring to all of the Defendant's agents, employees and representatives.

8. Plaintiff is in the protected age class, having been born on February 16, 1950 and was 66 years of age at the time of the occurrences related herein.

## FACTUAL BACKGROUND

9. The incidence related herein occurred on or about August 24, 2016 and resulting in the termination of Plaintiff by Defendant **THR** on September 1, 2016.

10. At all times in question, Plaintiff, **SAMUEL J. KENNEMER, JR.** was employed by Defendant **THR,** as an RN II operative nurse at Presbyterian Hospital in Plano Texas and had been so employed by Defendant since 2004. Plaintiff has assisted Dr. Rob Dickerman for almost 13 years as part of his operative team at Presbyterian Hospital of Plano. On August 24, 2016, during a cervical spinal fusion operation conducted by Dr. Dickerman, a blood vessel began critical bleeding rapidly, requiring immediate cauterization. The operative team had encountered equipment issues and malfunction of both the standard bipolar machine and the bipolar aquamanis medtronic machine. Because of an emergency situation caused by the immediate need to stop the critical bleeding Plaintiff was required to physically hold the bipolar cord forcefully into the standard bipolar machine which was working only periodically,

to allow the doctor to cauterize the vessel, while a another nurse was sent to get a new cord.. At the specific request of Dr. Dickerman, who was desperately attempting to control the critical bleeding, Plaintiff was ordered by the doctor to also try to get the other malfunctioning bipolar aquamanis medtronic machine to work, while he was still holding the cord into the standard bipolar machine. With his left hand "open palm" Plaintiff tapped the malfunctioning bipolar aquamanis medtronic machine to try it and trigger the screen to come on and start, resulting in a crack in the screen. After replacing, Plaintiff, **SAMUEL J. KENNEMER, JR.,** with significantly younger RNs, Adam Walter, age 30 and Tina Naritheokil, also in her 30s, , allegedly for being in violation of the **THR p**ersonal conduct policy, 4.3 which provides "Members of the workforce who engage in knowingly unsafe, unethical, fraudulent, profane or illegal behaviors, may be subject to progressive corrective action." Neither Dr. Dickerman, nor the anesthesiologist, nor the assistance and surgery agreed with the purported reasons for termination of the Plaintiff because no legitimate reasons actually existed. The termination of Plaintiff for the reasons given and replacing him with younger RNs was strictly age discrimination and a ruse, employed by Defendant **THR** to terminate Plaintiff, a 66-year-old RN, earning $45.78 per hour, and to replace them with younger RNs, who earned only $25 an hour, meeting the express policy of Presbyterian Hospital Plano to cut cost and make more money. In addition, as an older RN, Plaintiff was exempted from being "on call" at any time, while the younger RNs were "on call" at any time, which was a further basis to eliminate older RNs and replace them with younger RNs. In addition to his own termination based on age discrimination, plaintiff has reason to believe that Defendant, **THR** has been pursuing a policy of steady elimination of older RNs and replacing them with younger RNs pursuant to its program to cut costs and to place all RNs "on call" at any time.

11. Incorporating allegations of paragraphs 1-10 described above, he has been discriminated against by **THR** and its agents, because of his age, all in violation of the Title VII Age Discrimination in Employment Act and the Texas Commission on Human Rights Act, Vernon's Ann. Texas Civ. St. art. 5221k (Vernon 1987 and Vernon Supp. 1993).

12. Incorporating the allegations of paragraphs 1-11 described above, the Plaintiff has been discriminated against by **THR**, because of his age, 66, all in violation of Title VII Age Discrimination in Employment Act and the Texas Commission on Human Rights Act, Vernon's Ann. Texas Civ. St. art. 5221k (Vernon 1987 and Vernon Supp. 1993).

13. Plaintiff, **SAMUEL J. KENNEMER, JR.,** who was being paid $86,000 a year as an RN by Defendant, has been damaged monetarily by the loss of his employment as an RN due to Defendant's age discrimination and termination of him by reason thereof, and Plaintiff will minimally lose $172,000 over the next two years, as alleged hereinafter.

14. In addition, **SAMUEL J. KENNEMER, JR.,** has further been damaged monetarily by the loss of his employment as an RN due to Defendant's age discrimination and termination of him by reason thereof, and a minimal sum of $19,044 for "paid time off" calculated upon 8.7 hours of "paid time off" earned per pay period, or 208 hours "paid time off" per annum and at least 416 hours of lost "paid time off" over the next two years.

15. Plaintiff, **SAMUEL J. KENNEMER, JR.** experienced extreme emotional distress as a result of the actions of the Defendant, **THR**. Further, the Plaintiff experienced sleeplessness, nausea, headaches, anxiety, and depression due to his wrongful treatment.

16. As a result of the age discrimination, Plaintiff, **SAMUEL J. KENNEMER, JR.**, was exposed to by **THR**, and its agents, its employees, Plaintiff, **SAMUEL J. KENNEMER, JR.** has suffered mental anguish.

17. Plaintiff, **SAMUEL J. KENNEMER, JR.** seeks all of the damages as provided by law, and prayed for herein.

### COUNT ONE- AGE DISCRIMINATION

A. AGE DISCRIMINATION

18. Plaintiff re-alleges and incorporates by reference each and every allegation of Paragraphs 9 -17 as though fully set forth herein.

19. The Plaintiff complained of and suffered discriminatory treatment in the work environment due to his age 66, having been born on February 16, 1950.

20. The Defendant **THR** was aware of, perpetuated and committed the age discrimination against the Plaintiff.

21. The Defendant **THR** knew, or should have known, of the age discrimination and failed to take prompt remedial action.

22. A *prima facie* case of age discriminatory, requires that the Plaintiff, **SAMUEL J. KENNEMER, JR.**, establish the following:

   (1) That he was discharged;

   (2) That he was qualified for the position at issue;

   (3) That he was in the protected class at the time of his discharge; and

   (4) After his discharge, the Defendant either hired someone outside the protected class at the time of his discharge, or someone younger, or otherwise show that he was discharged because of age.

23. The Plaintiff has established a prima facie case, to wit:

   (1) He was discharged on September 1, 2016;

   (2) He was qualified for the position, having been employed with the Defendant as an operative room RN for almost 13 years;

(3) He was 66 within the protected age class of ADEA on September 1, 2016, when he was wrongfully terminated; and

(4) As stated previously Plaintiff was terminated and replaced with significantly younger RNs, Adam Walter, age 30 and Tina Naritheokil, also in her 30s, who were at least 36 years younger than the Plaintiff.

24. The Plaintiff alleges that the stated reason for his termination by the Defendant **THR** was a ruse and pretext for the Defendant's intentional and/or reckless discrimination of the Plaintiff due to his age, as specifically described in Paragraphs 1-17 and which paragraphs are incorporated herein for all purposes.

25. As a direct result of the actions and omissions of the Defendants, the Plaintiff has been damaged as described below in Damages Paragraphs 34 through 37.

### B. RETALIATION

27. Plaintiff re-alleges and incorporates by reference each and every allegation of Paragraphs 9 -17 as though fully set forth herein.

28. The Plaintiff complained of and suffered discriminatory treatment in the work environment due to his age 66, having been born on February 16, 1950.

29. The Defendant was aware of, perpetuated and committed the age discrimination against the Plaintiff.

30. The Defendant knew or should have known, of the age discrimination and failed to take prompt remedial action.

32. To prove retaliation in a case of discriminatory, regarding age requires that the Plaintiff establish the following:

(1) he or she engaged in activity protected by the statute;

(2) that the employer took an adverse employment action against him or her; and

(3) a casual connection exists between the protected activity and the adverse employment action. S*ee v. Principi,* 289 F.3d 342, 345 (5th Cir. 2002) (Title VII); *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309 (5th Cir. 2004) (retaliation under 42 U.S.C. §1981

33. The Plaintiff has established a prima facie case of retaliation , to wit:

    (1) He was discharged on September 1, 2016;

    (2) He was qualified for the position, having been employed with the Defendant having been an operative room RN for almost 13 years; at Presbyterian Hospital of Plano.

    (3) He was 66 within the protected age class of ADEA on August December 4, 2008, when he was wrongfully terminated;

    (4) The Defendant engaged in a continued discrimination against Plaintiff on account of his age as alleged in Paragraphs 1-17;

    (5) The Defendant took an adverse employment actions against him terminating him on account of his age as alleged in Paragraphs 1-17, Plaintiff was terminated and replaced with significantly younger RNs, Adam Walter, age 30 and Tina Naritheokil, also in her 30s, who were both at least 36 years younger than the Plaintiff

    (6) There was a casual connection exists between the protected activity, his age, and the adverse employment actions leading to Plaintiff's termination because of age.

34. **DAMAGES.** As a direct and proximate result of said unlawful employment practices in terminating him because of his age and replacing Plaintiff with someone substantially younger, as described above in Paragraphs 1-16, the Plaintiff has lost substantial income including, but not limited to lost wages for the statutory length, plus wages based on the willful conduct on the part of the Defendant, social security, fringe benefits, pension and seniority benefits, and other benefits due him, including but not limited to the following:

a. Plaintiff, **SAMUEL J. KENNEMER, JR.,** who was being paid $86,000 a year as an RN by Defendant, has been damaged monetarily by the loss of his employment as an RN due to Defendant's age discrimination and termination of him by reason thereof, and Plaintiff will minimally lose $172,000 over the next two years;

b. In addition, **SAMUEL J. KENNEMER, JR.,** has further been damaged monetarily by the loss of his employment as an RN due to Defendant's age discrimination and termination of him by reason thereof, and a minimal sum of $19,044 for "paid time off"calculated upon 8.7 hours of "paid time off" earned per pay period, or 208 hours "paid time off" per annum and at least 416 hours of lost "paid time off" over the next two years

35. As a further direct and proximate result of said unlawful employment practices, the Plaintiff has suffered the indignity of age discrimination, the invasion of his right to be free from age discrimination, and great humiliation, which is manifest in physical illness and emotional stress.

36. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety, painful embarrassment among his friends and co-workers, damages to his good reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

37. Plaintiff is entitled to recoveries from the Defendant allowable under the Title VII Age Discrimination in Employment Act and the Texas Commission on Human Rights Act, including compensatory and punitive damages in addition to back pay, front pay, attorney's fees and other allowable damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests that this Court provide the following equitable and legal relief:

A. That upon final hearing hereof, Plaintiff have judgment of and from Defendant, **THR**, for compensatory damages for all of Plaintiff's actual damages as prayed for herein;

B. That Plaintiff be awarded appropriate back pay and future earnings, and reimbursement for income and fringe benefits, pension and seniority benefits and all other benefits lost by him as a result of the unlawful discharges by reason of his age, since his termination on September 1, 2016, plus interest so as to render Plaintiff whole from the unlawful discharge by Defendant **THR**.

C. That Plaintiff be awarded damages for emotional distress and mental anguish;

D. That Plaintiff be awarded maximum damages under the statute for the acts of willfulness by Defendant against the Plaintiff and that Plaintiff be awarded applicable exemplary damages against Defendant , **THR,**;

E. That Plaintiff be awarded attorney's fees allowed by the Act;

F That Plaintiff be awarded pre-judgment interest on his actual damages from, the first date of discrimination by the Defendant **THR**, until the trial of the case;

G. That Plaintiff be awarded post-judgment interest at the highest legal rate from the date of judgment until paid;

H. That Plaintiff be allowed to have a jury trial; and

I. That Plaintiff be granted his costs of Court and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF JOHN P. KNOUSE

_____
JOHN P. KNOUSE
State Bar Number: 11624000
16970 North Dallas Parkway
Bldg 300
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(972) 735-9952 (Telecopier)
E-mail:knouselaw@yahoo.com
**ATTORNEY FOR PLAINTIFF,
SAMUEL J. KENNEMER, JR.**

**EXHIBIT "A"**

**EEOC CHARGE-SEPT 30, 2016**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>450-2016-04353 |
|---|---|---|

Texas Workforce Commission Civil Rights Division _and EEOC_
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.)<br>Samuel J. Kennemer | Home Phone (Incl. Area Code)<br>(903) 821-4177 | Date of Birth<br>02-16-1950 |
|---|---|---|

Street Address: 2984 Southmayd Road, Whitesboro, TX 76273

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>TEXAS HEALTH PRESBYTERIAN HOSPITAL | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(972) 981-8132 |
|---|---|---|

Street Address: 6200 West Parker Road, Plano, TX 75093

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2016   Latest: 09-01-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**PERSONAL HARM:**

On September 1, 2016, I was terminated from my position a Register Nurse because of my age.

**RESPONDENT'S REASON FOR ADVERSE ACTION:**

On September 1, 2016 Tammie Key, Operating Room Manager informed me that I was terminated because of anger issues.

**DISCRIMINATION STATEMENT:**

I believe that I have been discriminated against because of my age February 16, 1950, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Sep 30, 2016

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**EXHIBIT "B"**

**NOTICE OF RIGHT TO SUE**

EEOC Form 161 (11/09)             **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Samuel J. Kennemer<br>2984 Southmayd Road<br>Whitesboro, TX 76273 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2016-04353 | SANDRA J. HARVEY,<br>Investigator Support Asst | (214) 253-2811 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  OCT 18 2016
Belinda F. McCallister,                    (Date Mailed)
Acting District Director

Enclosures(s)

cc: Kelly Martin
Human Resources Manager
TEXAS HEALTH PRESBYTERIAN HOSPITAL
6200 West Parker Road
Plano, TX 75093